IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN RAY & MICHELLE LEEDS,     § | | |
| Plaintiffs,     § | | |
| § | | |
| v.     § | Civil Action No.  3:14-CV-3578-N-BK | |
| § | | |
| TEXAS DEPARTMENT OF FAMILY     § | | |
| AND PROTECTIVE SERVICES, et al.,     § | | |
| Defendants.     § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case was referred to the undersigned for pretrial management.  The Court now considers *Defendants Kaufman County, Chad Hill, and Scott Smith's Third Rule 12(b)(6) Motion to Dismiss*, Doc. 37; *Defendant Crandall Independent School District and Monica Aspergren's Motion to Dismiss Plaintiffs' Amended Complaint*, Doc. 38; *Texas Department of Family and Protective Services' Rule 12(b)(6) Motion to Dismiss*, Doc. 50; and Plaintiffs' motions for the entry of default and default judgment, Doc. 21; Doc. 22; Doc. 23; Doc. 58; Doc. 60; Doc. 62; Doc. 75; Doc. 78; Doc. 81.  For the reasons that follow, the motions for entry of default and default judgment should be **DENIED**, and the motions to dismiss should be **GRANTED.**

**I.   BACKGROUND**[1]

Plaintiffs' seven-page, third amended complaint asserts claims for slander, perjury, "Misconduct," "Police Misconduct," and due process violations under 42 U.S.C. § 1983.  Doc.

---

[1]  For the purpose of determining Defendants' motions to dismiss, the Court accepts as true Plaintiffs factual assertions. Thus, the relevant facts are taken from Plaintiffs' Third Amended Complaint.  *See Bell Atl. Corp. v. Twombly* , 550 U.S. 544, 572 (2007) (In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true).

36. Plaintiffs also attempt to prosecute claims of intentional infliction of emotional distress, false imprisonment, and kidnapping on behalf of B.R., their minor child, Doc. 36, and seek actual and punitive damages of $3,000,000.  Doc. 36 at 6.

They allege that in 2010, Carmethia Moss, an investigator for the Texas Department of Family and Protective Services ("DFPS"), made false allegations of child abuse against them. Doc. 36 at 2-3.  Later, between March and April 2012, Monica Aspegren, an employee of Crandall Independent School District ("Crandall ISD"), submitted a false intake report to Child Protective Services ("CPS").  Doc. 36 at 4.  Then, Sarah Hall, another DFPS investigator, and Aspegren, removed B.R., Plaintiff's minor child, from Crandall High School, without a court order, and illegally restrained her without parental consent, Doc. 36 at 3-4.  Employees of Kaufman County Sheriff's Department assisted in B.R.'s removal.  Doc. 36 at 4.

Hall took B.R. to a hospital to have run unnecessary medical tests without Plaintiffs' consent, and then accused B.R. of being pregnant, which caused B.R. to suffer embarrassment and mental anguish.  Doc. 36 at 3.  Hall and Belen Fuentes later left B.R. in a foster home where B.R. was sexually molested and taken out of the state in violation of a court order and DFPS rules.  Doc. 36 at 3-4.

Three days after B.R.'s removal from her parents, Aspegren and Chad Hill "used words from a October 7, 2011 fictitious police report, to cause harm, in the hearing to remove B.R. from her parents the Plaintiffs."  Doc. 36 at 4.  Hill committed perjury and "Police Misconduct" when he testified that Plaintiff Stephen Ray "had used illegal drugs."  Doc. 36 at 5.  And, Scott Smith, the court reporter, wrongly omitted portions of Hill's testimony from the court transcript. Doc. 36 at 5.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.

## III.  DISCUSSION

### A.  Minor Child Cannot Be Represented By *Pro Se* Party

A non-lawyer may not represent a minor child in federal court proceedings.  *Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:09-CV-0346-O, 2009 WL 2058446 at *2 (N.D. Tex. 2009).  In the previous versions of their complaint, Plaintiffs attempted to bring suit as next friend of B.R., their minor child.  Doc. 3; Doc. 8; Doc. 30.  However, they were admonished that they could not do so, and that claims on behalf of B.R. would be dismissed unless a licensed attorney entered his or her appearance on behalf of the child.  Doc. 17.  In their third amended complaint, Plaintiffs no longer reference themselves as next friend of B.R.,

nonetheless, they continue to assert claims of intentional infliction of emotional distress, false imprisonment, and kidnapping on the child's behalf. Such claims should be summarily **DISMISSED WITHOUT PREJUDICE.**[2]

### B.  No Private Right to Assert Criminal Law Violations

Because there is no cause of action for "Police Misconduct" or "Misconduct," based on Plaintiffs' factual assertions, the Court liberally construes the third amended complaint to allege additional claims of perjury and slander.[3] *See* Doc. 36 at 5 (alleging false testimony and tampering with testimony). Plaintiff's allegations of perjury, however, lack an arguable basis in law. Federal courts have repeatedly held that violations of criminal statutes, such as 18 U.S.C. §§ 1001, 1505 and 1621, do not give rise to a private right of action. *See* Williams v. Cintas Corp., No. 3:07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (Kaplan, J.) (collecting cases finding no private cause of action for perjury, and summarily recommending dismissal of *pro se* complaint without opportunity to amend), *accepted by* 2007 WL 1300780 (N.D. Tex. May 2, 2007) (Lynn, J.). Nor is there a private right of action for civil perjury under Texas law. *Id.* (citing *Fermin v. Conseco Direct Life Ins. Co.*, Nos. SA-98-CA-0943 & SA-00-CA-1063, 2001 WL 685903 at *14 (W.D. Tex. May 1, 2001) (collecting Texas cases)). So, to the extent Plaintiffs attempt to assert any claims for perjury, they should be summarily **DISMISSED WITH PREJUDICE.**

---

[2] In the event that B.R. has colorable claims, the statute of limitations will not begin to run on such claims until her 18th birthday. *See* TEX. CIV. PRAC. & REM. CODE ann. § 16.001 (tolling the statute of limitations if the plaintiff is under 18); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff turned 18).

[3] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

### C. Plaintiffs Failed to Effectuate Service in Violation of Rule 4

On October 21, 2014, Plaintiffs filed their summons returns as executed, indicating that all Defendants were served by certified mail. Doc. 11; Doc. 12; Doc. 13. However, service by certified mail does not meet the requirements of Rule 4. That rule provides that individuals be served by "following state law for serving a summons in an action brought in courts of general jurisdiction," by "delivering a copy of the summons and of the complaint to the individual personally," by leaving a copy of each at the individual's dwelling . . . with someone of suitable age and discretion who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service." FED. R. CIV. P. 4(e)(1)-(2). Under Texas law, a plaintiff is not authorized to effect service by certified mail absent a court order. TEX. R. CIV. P. 103. If a plaintiff does not serve a defendant within 120 days after the complaint is filed, the court must -- after notice to the plaintiff -- dismiss the action without prejudice against that defendant or order that service be made within a specified time. FED. R. CIV. P. 4(m).

Plaintiffs' service of Hall and Fuentes is deficient because it was accomplished via certified mail, contrary to the requirements of Rule 4 of the Federal Rules of Civil Procedure.[4] Since their suit was filed on October 2, 2014, Doc. 3, Plaintiffs had until January 30, 2015, to properly serve Hall and Fuentes, but did not. Consequently, the Court ordered Plaintiffs to effectuate proper service of the complaint on Hall and Fuentes by April 21, 2015. Doc. 55. Plaintiffs were admonished that their failure to file proof of service by that date would result in their case being dismissed against Hall and Fuentes. As of the date of this recommendation, Plaintiffs have not properly served their complaint on Hall and Fuentes.

---

[4] All of the other Defendants have filed responsive pleadings.

Accordingly, Plaintiffs' claims against Hall and Fuentes should be **DISMISSED**. Ordinarily, a dismissal under Rule 4(m) would be without prejudice. However, because Plaintiffs' claims against Hall and Fuentes were filed outside of the limitations period, as discussed in detail *infra*, the dismissal will effectively be with prejudice.

### D. State Agency and Its Employees Are Immune from Suit

DFPS correctly argues that it immune from suit under the Eleventh Amendment and the Texas Tort Claims Act ("TTCA"). The Eleventh Amendment bars claims against state agencies brought pursuant to Section 1983. *See Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991). Thus, the Court lacks jurisdiction over Plaintiffs' Section 1983 claims against DFPS. Moreover, to the extent that Plaintiffs' are alleging slander, DFPS is also immune. Texas and its political subdivisions enjoy full immunity from tort claims, except to the extent that their immunity is waived by the TTCA. *Brown v. City of Houston*, 8 S.W.3d 331, 333-34 (Tex. App.—Waco 1999). The TTCA only waives a governmental entity's immunity for torts that involve property damage, personal injury, or death arising out of the use of a motor vehicle or tangible personal or real property. TEX. CIV. PRAC. & REM. CODE § 101.021.

As to Defendants Moss, Hall, and Fuentes, Plaintiffs expressly state that they are being sued in their official capacities, Doc. 36 at passim, thus, they also enjoy absolute immunity under the Eleventh Amendment against any Section 1983 claim. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). The same is true as to the tort of slander. *See Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex.

App.—Fort Worth 2008) (a "suit under the [TTCA] against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities"); *accord* Cox v. City of Fort Worth, 762 F. Supp. 2d 926, 933 (N.D. Tex. 2010) (McBryde, J.).

### E.  All Claims Barred by Limitations

Each of the motions to dismiss argues that Plaintiffs' allegations are outside of the statute of limitations.  Doc. 37 at 25-28; Doc. 39 at 8; Doc 50 at 21-22.  Plaintiffs failed to substantively address the limitations arguments, citing only the imitations periods for kidnapping under the Texas Penal Code (wholly inapplicable here), and civil fraud (not alleged in the amended complaint).  Doc. 48 at 2; Doc. 49 at 2.

The statute of limitations for constitutional claims brought under 42 U.S.C. § 1983 "is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  In Texas, that is no later than two years after the day the cause of action accrues.  TEX. CIV. PRAC. & REM. CODE § 16.003(a).  The statute of limitations for slander is one year.  *Id*. § 16.002(a).

Plaintiffs allege that the most recent events underlying this suit occurred around April 16, 2012.  Doc. 36 at 3-5.  Thus, at the latest, the period for filing the Section 1983 claims expired on April 15, 2014, and for slander, on April 15, 2013.  However, Plaintiffs did not file this lawsuit until October 2, 2014.  Doc. 3.  Thus, Plaintiffs' remaining claims are barred by limitations and should be **DISMISSED WITH PREJUDICE**.

### F.  Plaintiffs Not Entitled to Default Judgment

Plaintiffs have moved for the entry of default or default judgment against every Defendant.  Doc. 21; Doc. 22; Doc. 23; Doc. 58; Doc. 60; Doc. 62; Doc. 69; Doc. 72; Doc. 75;

Doc. 78; Doc. 81. In light of Plaintiffs' failure to properly serve Defendants Hall and Fuentes, as discussed in detail *supra*, there is no basis for a default judgment. Likewise, Plaintiffs' motions for default against the remaining Defendants, who have all moved to dismiss the amended complaint are meritless. Contrary to Plaintiffs' arguments, a defendant is not required to answer a lawsuit until a Rule 12 motion to dismiss is ruled on by the court. FED. R. CIV. P. 12(a)(4)(A) (requiring an answer within 14 days of denial of a motion to dismiss).

Plaintiffs' motions for the entry of default and default judgment should be **DENIED**.

### IV.  LEAVE TO AMEND

Ordinarily, Plaintiffs should be permitted to amend their complaint in an attempt to cure any pleading defects. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that a district court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, Plaintiffs have amended their complaint three times, and yet have asserted only claims barred by immunity or limitations. Consequently, the Court finds that Plaintiffs' have already pled their best case and granting leave to amend would be futile and cause needless delay. *See Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (granting leave to amend is not required if plaintiff has already pleaded his "best case"); "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. 2014).

### V.  CONCLUSION

*Defendants Kaufman County, Chad Hill, and Scott Smith's Third Rule 12(b)(6) Motion to Dismiss*, Doc. 37; *Defendant Crandall Independent School District and Monica Aspergren's*

8

*Motion to Dismiss Plaintiffs' Amended Complaint*, Doc. 38; and *Texas Department of Family and Protective Services' Rule 12(b)(6) Motion to Dismiss*, Doc. 50 should be **GRANTED**. Plaintiffs' motions for the entry of default and default judgment, Doc. 21; Doc. 22; Doc. 23; Doc. 58; Doc. 60; Doc. 62; Doc. 75; Doc. 78; Doc. 81, should be **DENIED**. Plaintiffs' claims for intentional infliction of emotional distress, false imprisonment, and kidnapping, brought on behalf of the minor child B.R., should be **DISMISSED WITHOUT PREJUDICE**. All other claims should be **DISMISSED WITH PREJUDICE** and this case **CLOSED.**

**SO RECOMMENDED** on July 22, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE